UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____

ABRAHAM KAFF, ARI PFEFFER and
RAQUEL JAGER on behalf of themselves
and all other similarly situated consumers

               Plaintiffs,                    Case No. 1:13-cv-05413-SLT-VVP

           -against-

NATIONWIDE CREDIT, INC.

               Defendant.

_____

## FIRST AMENDED CLASS ACTION COMPLAINT

### Introduction

1.     Plaintiffs Abraham Kaff ("Kaff"), Ari Pfeffer ("Pfeffer") and Raquel Jager ("Jager") seek redress for the illegal practices of Nationwide Credit, Inc. in which it unlawfully engaged in the collection of consumer debts in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA").

### *Parties*

2.     Plaintiff Abraham Kaff is a citizen of the State of New York who resided within this District.

3.     Plaintiff Ari Pfeffer is a citizen of the State of New York who resided within this District.

4.     Plaintiff Raquel Jager is a citizen of the State of New York who resides within this District.

5.     Each Plaintiff is a consumer as that term is defined by 15 U.S.C. § 1692(a)(3) of

the FDCPA.

6.      Each of the alleged debts that Defendant sought to collect from Plaintiffs were consumer debts incurred for personal, family, or household purposes.

7.      Upon information and belief, Defendant's principal place of business is located within Atlanta, Georgia.

8.      Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

9.      Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

## Jurisdiction and Venue

10.      This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

11.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, within this district.

## Allegations Particular to Abraham Kaff

12.      Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff Kaff.

13.      On or about November 17, 2012, Defendant sent the Plaintiff Kaff a collection letter seeking to collect a balance allegedly incurred for personal purposes. (Exhibit A)

14.      Said letter states in pertinent part as follows: "American Express is required to file a form 1099C with the Internal Revenue Service for any cancelled debt of $600 or more. Please contact your tax advisor concerning any tax questions."

**Allegations Particular to Ari Pfeffer**

15.     Upon information and belief, on a date better known by Defendant, Defendant began to collect an alleged consumer debt from Plaintiff Pfeffer.

16.     On or about October 15, 2014, Defendant sent Plaintiff Pfeffer a collection letter seeking to collect a balance allegedly incurred for personal purposes. (Exhibit B)

17.     Said letter stated in pertinent part as follows "American Express is required to file a form 1099C with the Internal Revenue Service for any cancelled debt of $600 or more. Please contact your tax advisor concerning any tax questions."

**Allegations Particular to Raquel Jager**

18.     Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from Plaintiff Jager.

19.     On or about August 1, 2014 Defendant sent Plaintiff Jager a collection letter seeking to collect a balance allegedly incurred for personal purposes. (Exhibit C)

20.     Said letter stated in pertinent part as follows "American Express is required to file a form 1099C with the Internal Revenue Service for any cancelled debt of $600 or more. Please contact your tax advisor concerning any tax questions."

**FDCPA VIOLATION**

21.     Section 1692e of the FDCPA prohibits a debt collector from making false, deceptive, and misleading statements in connection with the collection of a debt.

22.     Section 1692e(10) of the FDCPA prohibits a debt collector from using false representations or deceptive means to collect a debt alleged due.

23.     Advising Plaintiffs that Nationwide Credit, Inc.'s client, American Express, "is

required to file a form 1099C with the Internal Revenue Service for any cancelled debt of $600

or more." is deceptive and misleading in violation of the FDCPA.

24. Internal Revenue Code 26 U.S.C. § 6050P as further defined and clarified by the

Treasury Regulation 1.6050P-1 (a)(1), states "a discharge of indebtedness is deemed to have

occurred…if and only if there has occurred an identifiable event described in paragraph (b)(2)

of this section." Paragraph (b)(2)(F) of that section defines an "identifiable event" as "[a]

discharge of indebtedness pursuant to an agreement between an applicable entity and a debtor to

discharge indebtedness at less than full consideration." 26 C.F.R. § 1.6050P-1(b)(2)(F).

25. However, Treasury Regulation 1.6050P-1, outlines certain exceptions to the

§6050P reporting requirement. 26 C.F.R. § 1.6050P-1(d). The most pertinent of these eight

exceptions for the present case are §§ 1.6050P-1(d)(2) and (3), which reads:

(2) Interest. The discharge of an amount of indebtedness that is interest is not required to

be reported under this section.

(3) Non-principal amounts in lending transactions. In the case of a lending transaction,

the discharge of an amount other than stated principal is not required to be

reported under this section. For this purpose, a lending transaction is any transaction in

which a lender loans money to, or makes advances on behalf of, a borrower (including

revolving credits and lines of credit).

It is entirely possible to forgive $600 or more of the debt and yet not be required to file a

1099C.

26. Section 1692e of the FDCPA prohibits a debt collector from making false,

deceptive, and misleading statements in connection with the collection of a debt. Advising

Plaintiffs that The Internal Revenue Service requires that they be notified with information

about amounts of $600 or more, the statement "American Express is required to file a form 1099C with the Internal Revenue Service for any cancelled debt of $600 or more. Is deceptive and misleading in violation of the FDCPA.

27.     The false statements mislead the consumer as to the impact of attempting to settle the matter for less than what the Defendant claims is owed.

28.     Exhibit A, Exhibit B, and Exhibit C violated 15 U.S.C. § 1692e, § 1692e(l0) and§ 1692e(5) by threatening to engage in an act which is legally prohibited. The Defendant's statement that: "American Express is required to file a form 1099C with the Internal Revenue Service for any cancelled debt of $600 or more. as contained within Exhibit A, Exhibit B and Exhibit C, could be read by the least sophisticated consumer, as a threat to engage in an act legally prohibited.

29.     Section 6050P of the Internal Revenue Code requires that an "applicable entity" report any cancellation or discharge of indebtedness in excess of $600.00 if, and only if, there has occurred an identifiable event described in paragraph (b)(2) of that section.

30.     Here, there is no basis to conclude that a triggering event has or will occur requiring American Express to file a Form 1099C.

31.     The gratuitous reference in collection letters that a collector's client will sent consumers an IRS Form 1099C to include with their income tax return, is a collection ploy which suggests to the least sophisticated consumer that he or she could get in trouble with the IRS for refusal to pay the debt.

32.     Exhibit A, Exhibit B, and Exhibit C  violated 15 U.S.C. § 1692e, and 1692e(10), by falsely representing that "American Express is required to file a form 1099C with the Internal Revenue Service for any cancelled debt of $600 or more." Such a statement is

objectively false. The law prohibits the Defendant from reporting information about the consumer on a 1099C form unless certain "identifiable events" occur, none of which are applicable to the Plaintiffs herein.

33.    Exhibit A, Exhibit B, and Exhibit C are false and deceptive in that they do not explain that it is only under certain limited circumstances that a 1099C Form may be reported to the IRS.

34.    The language contained in Exhibit A, Exhibit B, and Exhibit C is false and deceptive in that it does not explain that the Defendant's client is prohibited from sending Plaintiffs an IRS 1099C Form unless and until Plaintiffs and Defendant have reached an "agreement" on the amount of the debt and the amount that is being discharged.

35.    The letters contained in Exhibit A, Exhibit B, and Exhibit C are false and deceptive in that they falsely imply to the least sophisticated consumer that the consumer will have to pay taxes on the difference between what  Defendant claims is owed and what the consumer agrees to pay.

36.    The letters contained in Exhibit A, Exhibit B, and Exhibit C are false and deceptive in that they falsely imply to the least sophisticated consumer that the consumer will have to pay taxes on any forgiven amount of  $600 or more without disclosing that 1099C are only issued for principal forgiveness not interest forgiveness.

37.    The letters contained in Exhibit A, Exhibit B, and Exhibit C do not indicate how much of the current debt is interest and how much of it is principal.

38.    The letters contained in Exhibit A, Exhibit B, and Exhibit C fail to disclose to consumers that there is a distinction between principal and interest.

39.    The false statements mislead the consumer as to the impact of attempting to

settle the matter for less than what the Defendant claims is owed.

40.     The letters at issue violated 15 U.S.C. §§ 1692e, 1692e(10) and 1692e(5) by threatening to engage in an act which is legally prohibited. Defendant's statement that its client "American Express is required to file a form 1099C with the Internal Revenue Service for any cancelled debt of $600 or more." as contained within Exhibit A, Exhibit B, and Exhibit C, could be read by the least sophisticated consumer, as a threat to engage in an act legally prohibited. The language falsely indicates that unless the consumer paid the full amount that the Defendant alleges is owed, the Defendant is going to unilaterally engage in conduct that is prohibited by law.

41.     Defendant's actions as described herein also violate § 1692e(8), in that the language contained within Exhibit A, Exhibit B, and Exhibit C is a threat to report information that the Defendant knows, or should have known to be false.

42.     Defendant is not permitted to a file 1099C tax form relating to a consumer unless certain "identifiable events" occur. The threat to file such 1099C tax forms without regard for said. "Identifiable events" is a violation of § 1692e(8). The least sophisticated consumer could read this letter to mean that the Defendant is going to report to the IRS that the entire difference between what the Defendant says is owed, and what the Plaintiff pays, is taxable. The Defendant's letter fails to disclose to consumers that there is a distinction between principal and interest.

43.     The Defendant's letter gives consumers objectively false and deceptive tax advice.

44.     The Defendant's letter could mislead the least sophisticated consumer that unless the consumer pays the entire amount that the Defendant alleges is owed on the alleged debt, the

consumer is going to be reported to the IRS.

45. The Defendant's letter could mislead the least sophisticated consumer into believing that unless the consumer pays the entire amount Defendant alleges is owed for the debt, the consumer is going to have to pay taxes on the entire unpaid balance. In fact, most consumers who receive collection letters from Defendant are insolvent and will not have to pay tax on the discharged debt.

46. The Defendant voluntarily chooses to give the tax advice found in the Defendant's letter. No tax law or regulation obligates the Defendant to include the notice regarding tax form 1099C in their collection letters.

47. It is false and deceptive for the Defendant to give erroneous and/or incomplete tax advice to consumers regarding 1099C tax forms.

48. Defendant's letters fail to disclose to consumers that there is a distinction between principal and interest.

49. Misrepresentation of a debtor's rights or liabilities under the Internal Revenue Code in connection with the collection of a debt is an FDCPA violation. Kuehn v. Cadle Co., 5:04-cv-432-Oc-10GRJ, 2007 U.S. Dist. LEXIS 25764 (M.D.Fla., April 6, 2007). (This includes a statement that a 1099 must be issued when a 1099 is not required.), Wagner v. Client Services, Inc., 08-5546, 2009 U.S. Dist. LEXIS 26604 (E.D.Pa., March 26, 2009). Many classes have been certified. See Sledge v. Sands, 1998 WL 525433(class certified), and see Follansbee v. Discover Fin. Servs., 2000 U.S. Dist. LEXIS 8724 (N.D. Ill. June 14, 2000). (Granting final approval of the proposed class action settlement and application for attorney fees and incentive award for confusing debt collection letter about canceled debt tax liability.)

50. The letters contained in Exhibit A, Exhibit B, and Exhibit C violated 15 U.S.C. §

1692e, by falsely representing that "American Express is required to file a form 1099C with the Internal Revenue Service for any cancelled debt of $600 or more." Such a statement is objectively false. If $600 or more is forgiven it may <u>not</u> be reported to the IRS. Said letters are false and deceptive in that it does not explain that it is only under <u>certain limited circumstances</u> that a 1099C Form may be reported to the IRS.

51.     The wording used in the letters at issue is false and misleading because according to 26 C.F.R. § 1.6050P-1(d)(3), forgiveness of Interest is not a reportable event and would not require a copy of 1099C to be filed with the IRS.

52.     The Defendant's collection letters' capacity to discourage debtors from accepting any settlement that includes forgiveness of $600.00 or more - without the IRS sending the debtor a 1099C- renders its misrepresentation exactly the kind of "abusive debt collection practice" that the FDCPA was designed to target. See 15 U.S.C. § 1692(e).

53.     Plaintiff seeks to end these violations of the FDCPA. Plaintiff and putative class members is entitled to preliminary and permanent injunctive relief, including, declaratory relief, and damages.

## CLASS ALLEGATIONS

54.     This action is brought as a class action. Plaintiffs bring this action individually, and on behalf of all other persons similarly situated pursuant to Rule 23(a) and(b)(3) of the Federal Rules of Civil Procedure.

55.     The class consists of (a) all individuals in New York (b) who were sent a statement containing language similar to the language at issue in the *Kaff v. Nationwide* Complaint, which was not returned as undeliverable, (c) on or after September 30, 2012.

56.     The identities of all class members are readily ascertainable from the records of

Nationwide Credit, Inc. and those business and governmental entities on whose behalf it attempts to collect debts.

57. Excluded from the Class is the Defendant and all officers, members, partners, managers, directors, and employees of Nationwide Credit, Inc., and all of their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

58. There are questions of law and fact common to the Class, which common issues predominate over any issues involving only individual class members. The principal issues are whether the Defendant's communications with Plaintiffs, such as the above stated claims, violate provisions of the Fair Debt Collection Practices Act.

59. The Plaintiffs' claims are typical of the class members, as all are based upon the same facts and legal theories.

60. The Plaintiffs will fairly and adequately protect the interests of the Class defined in this complaint. Plaintiffs have retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither Plaintiffs nor their attorneys have any interests, which might cause them not to vigorously pursue this action.

61. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

 (a) **Numerosity:** The Class defined above is so numerous that joinder of all members would be impractical.

 (b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff's Class and those

questions predominate over any questions or issues involving only individual class members. The principal issues are whether the Defendant's communications with Plaintiffs, such as the above stated claims, violate provisions of the Fair Debt Collection Practices Act.

(c)     **Typicality:** Plaintiffs' claims are typical of the claims of the class members.  Plaintiffs and all members of the Class defined in this complaint have claims arising out of the Defendant's common uniform course of conduct complained of herein.

(d)     **Adequacy:**  Plaintiffs will fairly and adequately protect the interests of the class members insofar as Plaintiffs have no interests that are adverse to the absent class members. Plaintiffs are committed to vigorously litigating this matter. Plaintiffs have also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions.  Plaintiffs nor their counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

(e)     **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

62.     Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil

Procedure is also appropriate in that the questions of law and fact common to members of the

Class predominate over any questions affecting an individual member, and a class action is

superior to other available methods for the fair and efficient adjudication of the controversy.

Dated: Brooklyn, New York
        September 15, 2015

/s/Maxim Maximov
Maxim Maximov, Esq.
Attorneys for the Plaintiff
Maxim Maximov, LLP
1701 Avenue P
Brooklyn, New York 11229
Office: (718) 395-3459
Facsimile: (718) 408-9570
E-mail: m@maximovlaw.com

/s/Tiffany N. Hardy
EDELMAN, COMBS, LATTURNER
& GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)
thardy@edcombs.com

/s/Adam J. Fishbein
Adam J. Fishbein, P.C. (AF-9508)
Attorney At law
Attorney for the Plaintiff
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

                              __/s/___ Maxim Maximov_____
                              Maxim Maximov, Esq