IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x
ABRAHAM KAFF, ARI PFEFFER and  :
RAQUEL JAGER on behalf of themselves and  :
All other similarly situated consumers,  :
                                                                                               :      13-cv-5413-SLT-PK
                Plaintiff,  :
                           :      **PLAINTIFFS' MOTION FOR**
       vs.  :      **PRELIMINARY APPROVAL OF**
                           :      **CLASS ACTION SETTLEMENT**
NATIONWIDE CREDIT, INC.  :
                           :
               Defendant.  :
-----------------------------------------------------------------x

       Plaintiffs Abraham Kaff, Ari Pfeffer, and Raquel Jager (the "Plaintiffs" or "Class Representatives"), respectfully request that the Court enter an order pursuant to Federal Rule of Civil Procedure 23(c)(1): (1) certifying the proposed class of Class Members for settlement purposes; (2) preliminarily approving the proposed Settlement Agreement between Plaintiffs and Nationwide Credit, Inc ("NCI"); (3) directing notice to the Class; and (4) setting dates for claim form submission, opt-outs, objections, and a hearing under Federal Rule of Civil Procedure 23(c)(2).

       In support of their motion, the Parties state:

       1.       This action was brought by Plaintiffs on their own behalf and on behalf of all other persons similarly situated to Plaintiffs.

       2.       Plaintiffs asserted a claim pursuant to the Fair Debt Collection Practices Act ("FDCPA") against Defendant NCI in connection with a collection letter NCI sent to Plaintiffs and the Class Members, which Plaintiffs allege violated the FDCPA because the letters state that "American Express is required to file a form 1099C with the Internal Revenue Service for any

cancelled debt of $600 or more." Defendant denies that its conduct violates the law and the Court has not made a finding of liability against Defendant.

3. Counsel for Plaintiffs and Counsel for Defendant have reviewed and analyzed the complex legal and factual issues presented in this action, and the risks and expense involved in pursuing the litigation to conclusion.

4. Based upon this review and analysis, counsel for Plaintiffs and Counsel for Defendant embarked upon and concluded comprehensive settlement discussions and executed the Class Action Settlement Agreement (the "Settlement Agreement"), attached as Appendix 1.

5. Plaintiff and Defendant have also considered the factors required to certify a class action under Federal Rule of Civil Procedure 23.

6. The Class Members are defined as

> All persons with addresses in the State of New York, who were sent one or more collection letters from NCI, that stated "American Express is required to file a form 1099C with the Internal Revenue Service for any cancelled debt of $600 or more" or a substantially identical statement, where the underlying debt being collected was incurred primarily for personal, family or household use, the letter(s) bear(s) a send date from September 30, 2012 through August 7, 2015, and the letter(s) were not returned as undeliverable.

7. The parties stipulate and agree that, for settlement purposes only, the following requirements are met:

    a. At approximately 76,843 individuals, the Class Members are sufficiently numerous such that joinder of all of them is impracticable.

    b. There are questions of law and fact common to the Class Members which predominate over any individual questions. The common questions include:

2

- Whether Defendant made false, deceptive or misleading representations in connection with the collection of a debt in violation of §1692e of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. ("FDCPA")
- Whether Defendant used false representations and deceptive means to collect a consumer debt alleged due, in violation of 15 U.S.C. §1692e(10); and
- Whether, and in what amount, Plaintiffs are entitled to statutory damages under the FDCPA for Defendant's alleged violation.

    c.    The claims of the plaintiffs are typical of the clams of the Class Members. The Plaintiffs share the same claims under the FDCPA as all of the Class Members;

    d.    The Plaintiffs and their counsel are adequate representatives for the Class Members, and will fairly and adequately represent and protect the interests of all of the Class Members.

    e.    Class treatment of these claims will be efficient and manageable, thereby achieving judicial economy. As such, Settlement of this action on a class basis is the superior and appropriate method for the fair and efficient resolution of this controversy.

8.    Under the terms of the Class Action Settlement Agreement and subject to court approval:

    a.    NCI will pay $160,000.00 to the Class Administrator to create the Settlement Fund. Each Class Member who (a) has submitted a valid claim form, and (2) has not excluded himself or herself from the class share receive an equal share of the Settlement Fund.;

    b.    NCI will pay each Class Representative (Abraham Kaff, Ari Pfeffer, and Raquel Jager) a settlement for his or her individual FDCPA claims in the amount of $1,000.00. Additionally, in recognition of each Plaintiff's service as Class Representative, Defendant shall pay each Class Representative an additional $1,500.00 service award, subject to approval of the Court. These payments to the Class Representatives are separate and apart from the Settlement Fund.

    c.    NCI shall pay all Settlement Administration Expenses incurred by the Class Administrator.

    d.    NCI shall pay Class Counsel approved reasonable attorneys' fees and litigation expenses pursuant to 15 U.S.C. §1692k in an amount not to exceed $40,000.00. This amount is to be paid in addition to, and not out of, the amounts paid to the Class Representative and the Class Members.

    e.    Class Members shall 40 days from the mailing date of the Class Notice to submit claim forms, request exclusion from the settlement or to object to the settlement.

9.    Counsel for Plaintiffs and the proposed Class believe that the settlement of this action on the terms and conditions set forth in the Class Action Settlement Agreement is fair, reasonable, and adequate, and would be in the best interests of the proposed Class Members.

10.    The Parties desire to settle and compromise the litigation on the terms and conditions embodied in the Class Action Settlement Agreement.

11. The Parties have agreed on the form of notice to be sent to each Class Member, via U.S. mail (Exhibit C), as well as a website based notice (Exhibit D). The Parties have agreed that no further notice to the Class is required.

12. The Parties have agreed on the proposed Preliminary Approval Order (Exhibit A) and Final Approval Order (Exhibit B).

WHEREFORE, Plaintiffs respectfully request that the Court enter an order: (1) certifying the proposed Class Members for settlement purposes; (2) preliminarily approving the proposed Class Action Settlement Agreement; (3) directing notice to be sent to the Class via U.S. mail; and (5) set a deadline by which Class Counsel is to submit their fee petition; (6) setting dates for claim form submissions, requests for exclusion, objections, and a hearing under Federal Rule of Civil Procedure 23(c)(2).

EDELMAN COMBS LATTURNER
& GOODWIN, LLC

By:     /s/Tiffany N. Hardy
        Tiffany N. Hardy
        Cathleen M. Combs
        Daniel A. Edelman
20 South Clark Street, Suite 1500
Chicago, IL  60603
(312) 739-4200

5

## **CERTIFICATE OF SERVICE**

I, Tiffany N. Hardy, hereby certify, that on March 30, 2016, I caused a true and accurate copy of the foregoing document to be filed via the Court's CM/ECF System, which sent notification of such filing to the following parties:

Adam Fishbein
fishbeinadamj@gmail.com

Daniel Edelman
dedelman@edcombs.com

Cathleen M. Combs
ccombs@edcombs.com

Joseph L Noga IV
jnoga@jenner.com

Maxim Maximov
m@maximovlaw.com

Laura Macdonald
Lmacdonald@jenner.com

Igor B Litvak
Igorblitvak@gmail.com