# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ABRAHAM KAFF, ARI PFEFFER and RAQUEL JAGER on behalf of themselves and all other similarly situated consumers<br><br>Plaintiffs,<br><br>vs.<br><br>NATIONWIDE CREDIT, INC.<br><br>Defendant. | CLASS ACTION<br><br>NO. 13-cv-5413 (SLT-PK) |

### [PROPOSED] ORDER OF PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND PRELIMINARY DETERMINATION OF CLASS ACTION STATUS

WHEREAS, the Court has been advised that the Parties to this action, Abraham Kaff, Ari Pfeffer, and Raquel Jager (hereinafter referred to as "Plaintiffs" or "Class Representatives"), individually and on behalf of the "Class Members" (as defined below), and Defendant Nationwide Credit, Inc. (hereinafter referred to as "NCI" or "Defendant"), have agreed, subject to Court approval, to settle the above-captioned lawsuit (hereinafter referred to as the "Lawsuit") upon the terms and conditions set forth in the Class Action Settlement Agreement (hereinafter referred to as the "Agreement").  The definitions set forth in the Agreement are hereby incorporated by reference herein (with capitalized terms as set forth in the Agreement);

NOW, THEREFORE, based upon the Agreement and all of the records and proceedings herein, and it appearing to the Court upon preliminary examination that the Agreement appears fair, reasonable and adequate, and that a hearing should be held to determine finally whether the Agreement is fair, reasonable and adequate, whether to grant class certification for purposes of settlement, and whether a Final Order and Judgment should be entered in this Lawsuit;

The Court makes a preliminary determination that the settlement class may be certified under Fed. R. Civ. P. 23(e);

IT IS HEREBY ORDERED:

1. The Court has jurisdiction over the subject matter of the Lawsuit and over all settling parties hereto.

2. In compliance with the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, NCI shall cause written notice of the proposed class settlement to be promptly provided to the appropriate authorities.

3. <u>CLASS MEMBERS</u> — Pursuant to Fed. R. Civ. P. 23(b)(3), the Court has made a preliminary determination, for settlement purposes only, to certify this matter as a class action on behalf of the following class of plaintiffs (hereinafter referred to as the "Class Members"):

> All persons with addresses in the State of New York, who were sent one or more collection letters from NCI, that stated "American Express is required to file a form 1099C with the Internal Revenue Service for any cancelled debt of $600 or more" or a substantially identical statement, where the underlying debt being collected was incurred primarily for personal, family or household use, the letter(s) bear(s) a send date from September 30, 2012 through August 7, 2015, and the letter(s) were not returned as undeliverable.

4. <u>CLASS REPRESENTATIVES AND CLASS COUNSEL APPOINTMENT</u> — Pursuant to Fed. R. Civ. P. 23, Plaintiffs Abraham Kaff, Ari Pfeffer, and Raquel Jager are preliminarily appointed as the Class Representatives and the law firms of Edelman, Combs, Latturner & Goodwin, LLC, Maxim Maximov, LLP, and Adam J. Fishbein, Attorney at Law are preliminarily appointed as counsel for the Class Members (hereinafter referred to as "Class Counsel").

5.  PRELIMINARY DETERMINATION ON CLASS CERTIFICATION — The Court preliminarily determines that the Lawsuit satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23, namely:

    A.  At approximately 76,843 individuals, the Class Members are so numerous that joinder of all of them in the Lawsuit is impracticable;

    B.  There are questions of law and fact common to the Class Members, which predominate over any individual questions. The common questions include:

        - Whether Defendant made false, deceptive or misleading representations in connection with the collection of a debt in violation of § 1692e of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA");

        - Whether Defendant used false representations and deceptive means to collect a consumer debt alleged due, in violation of 15 U.S.C. § 1692e(10); and

        - Whether, and in what amount, Plaintiffs are entitled to statutory damages under the FDCPA for Defendant's alleged violation.

In defense, NCI says that it acted lawfully and that it believes that its collection letters fully complied with all sections of the FDCPA and are not deceptive or misleading, among other reasons, because the statement "American Express is required to file a form 1099C with the Internal Revenue Service for any cancelled debt of $600 or more" is truthful;

3

  C. The claims of the Plaintiffs are typical of the claims of the Class Members. Plaintiffs share the same claims under the FDCPA as all of the Class Members;

  D. The Plaintiffs and Class Counsel will fairly and adequately represent and protect the interests of all of the Class Members; and

  E. Class treatment of these claims will be efficient and manageable, thereby achieving judicial economy.

6. The Court preliminarily finds that the settlement of the Lawsuit, on the terms and conditions set forth in the Agreement, appears in all respects fundamentally fair, reasonable, adequate, and in the best interests of the Class Members, in light of the benefits to Class Members now rather than later; the strength of the Plaintiffs' case; the complexity, expense and probable duration of further litigation; the risk and delay inherent in possible appeals; and the statutory ceiling on any potential recovery for the Class Members. Fed. R. Civ. P. 23(e); 15 U.S.C. § 1692k(a)(2).

7. <u>NOTICES</u> — The Court approves the form and substance of the notice of proposed class action settlement, attached to the Agreement as Exhibits "C" and "D." The proposed form and method for notifying the Class Members of the settlement and its terms and conditions meet the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled to the notice. The Court finds that the proposed notice is clearly designed to advise the Class Members of their rights. Rust Consulting, Inc. is appointed as the Class Administrator. In accordance with the Agreement, the Class Administrator shall cause the completed notices substantially in the form of Exhibit C to be mailed to the Class Members not

4

later than 45 days after the Court's entry of this Order, *i.e.*, **no later than _____**. The Class Administrator shall ensure that a website providing notice substantially in the form of Exhibit D is operational and available as of the date that notice substantially in the form of Exhibit C is mailed to Class Members. By accepting this administration, the Class Administrator shall be deemed to submit to the jurisdiction of this Court.

8. CLAIM FORMS — Any Class Member who desires to participate in the settlement and receive a share of the Settlement Fund must submit a claim form (**Exhibit E**) to the Class Administrator with a postmark date not later than 40 days from the mailing date of the Class Notice, *i.e.*, **no later than _____**.

9. EXCLUSIONS — Any Class Member who desires to be excluded from the class must send a written request for exclusion to the Class Administrator with a postmark date no later than 40 days from mailing of Class Notice, *i.e.*, **no later than _____**. To be effective, the written request for exclusion must state: the Class Member's full name, address, telephone number, and email address (if available); and that the Class Member wishes to be excluded. Any Class Member who submits a valid and timely request for exclusion shall not be bound by the terms of the Agreement.

10. OBJECTIONS — Any Class Member who wishes to object to the fairness of the settlement must file a written objection with the Clerk of this Court within 40 days from mailing of Class Notice, *i.e.*, **no later than _____**. The address for the Clerk shall be provided in the class notice maintained at a website substantially in the form of Exhibit D to the Agreement. Further, any such Class Member must, within the same time period, provide a copy of the written objection to Class Counsel and counsel for NCI. In any written objection, the Class Member must set forth his or her full name, address, telephone number, and email address

5

(if available), along with a statement of the reasons for his or her objection and whether he or she intends to appear at the fairness hearing on his or her own behalf or through counsel. The objection must be signed personally by the Class Member or his/her counsel. Any Class Member who does not file a valid and timely objection to the settlement shall be barred from objecting.

      11.    <u>FINAL APPROVAL</u> — The Court shall conduct a hearing (hereinafter referred to as the "Fairness Hearing") on _____, in Courtroom _____ commencing at ____, to review and rule upon the following issues:

      A.    Whether this action satisfies the applicable prerequisites for class action treatment for settlement purposes under Fed. R. Civ. P. 23(e) and should be certified;

      B.    Whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interests of the Class Members and should be approved by the Court;

      C.    Whether the Final Order and Judgment, as provided under the Agreement, should be entered, dismissing the Lawsuit with prejudice and releasing the Released Claims against the Released Parties as set forth in the Agreement; and

      D.    Whether Class Counsel fees and expenses should be awarded, and any other issues as the Court deems appropriate.

      12.    Attendance of the Class Members at the Fairness Hearing is not necessary. The Class Members need not appear at the Fairness Hearing or take any other action to indicate their approval of the proposed class action settlement. Class Members wishing to be heard, however, are required to indicate in any written objection whether or not they intend to appear at the

6

Fairness Hearing. The Fairness Hearing may be postponed, adjourned, transferred or continued without further notice to the Class Members.

13. <u>SUPPORTING MEMORANDA</u> — Submissions by the Parties, including memoranda in support of the proposed settlement and responses to any objections, shall be filed with the Court no later than 14 calendar days prior to the Fairness Hearing.

14. <u>ATTORNEYS' FEES, COSTS AND EXPENSES</u> — No later than 35 calendar days after the mailing of the Class Notice, *i.e.*, by _____, Class Counsel shall file an application for attorneys' fees, costs and expenses, as set forth in the Agreement.

15. The Court retains continuing and exclusive jurisdiction over the action to consider all further matters arising out of or connected with the settlement, including the administration and enforcement of the Agreement.

IT IS SO ORDERED.

DATED: _____ _____
U.S.D.J.

7