# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ABRAHAM KAFF, ARI PFEFFER and RAQUEL JAGER on behalf of themselves and all other similarly situated consumers<br><br>Plaintiffs,<br><br>vs.<br><br>NATIONWIDE CREDIT, INC.<br><br>Defendant. | CLASS ACTION<br><br>NO. 13-cv-5413 (SLT-PK) |

**[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE**

On September 30, 2015, Abraham Kaff filed a complaint (the "Kaff Complaint"), asserting claims against Nationwide Credit, Inc. ("NCI" or "Defendant"), under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq. (the "Kaff Action"). By Order and Opinion dated March 31, 2015, the Court denied NCI's Motion to Dismiss the Kaff Complaint.

Complaints were filed by Plaintiff Jager on March 6, 2015 (the "Jager Complaint"), and by Plaintiff Pfeffer on March 8, 2015 (the "Pfeffer Complaint"), both asserting claims against NCI under the FDCPA (respectively, the "Jager Action" and the "Pfeffer Action"). By Answers dated April 27, 2015, and May 19, 2015, respectively, NCI denied all liability with respect to the allegations in the Kaff Complaint and asserted Affirmative Defenses, and denied all liability with respect to the allegations in the Pfeffer Complaint and asserted Affirmative Defenses.

After the Kaff, Jager, and Pfeffer Actions were consolidated as related cases on May 19, 2015 (the "Consolidated Kaff Action"), the Parties advised the Court, on August 7, 2015, that they had settled the Consolidated Kaff Action in principle. On August 28, 2015, Plaintiffs filed

an amended complaint, and later filed, on September 15, 2015, a corrected amended complaint (the "Consolidated Complaint") asserting claims against NCI under the FDCPA (the "Lawsuit"). On September 29, 2015, Defendant filed its Answer to the Consolidated Complaint, denying all liability and asserting affirmative defenses.

Thereafter, the Parties entered into a Class Action Settlement Agreement (hereinafter referred to as the "Agreement"), which is subject to review under Fed. R. Civ. P. 23. The proposed class action settlement relates to all claims in the Lawsuit.

On or about March __, 2016, the Plaintiffs filed the Agreement, along with Plaintiff's Motion for Preliminary Approval of Class Action Settlement (hereinafter referred to as the "Preliminary Approval Motion").

In compliance with the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, the record reflects that NCI served written notice of the proposed class settlement on appropriate authorities on _____.

On _____, upon consideration of the Preliminary Approval Motion and the record, the Court entered an order of preliminary approval of class action settlement and a preliminary determination of class action status (hereinafter referred to as the "Preliminary Approval Order") (Dkt. No. _____). Pursuant to the Preliminary Approval Order, the Court, among other things, (i) made a preliminary determination (for settlement purposes) that the elements for class certification under Fed. R. Civ. P. 23 had been met; (ii) preliminarily approved the proposed settlement; (iii) preliminarily appointed Plaintiffs Abraham Kaff, Ari Pfeffer, and Raquel Jager as the class representatives; (iv) preliminarily appointed Cathleen M. Combs, Daniel A. Edelman, and Tiffany N. Hardy, of the law firm of Edelman, Combs, Latturner & Goodwin, LLC, Maxim Maximov of the law firm of Maxim Maximov, LLP, and Adam Fishbein

of the law firm of Adam J. Fishbein, Attorney at Law as counsel for the settlement class members; (v) set the date and time of the Fairness Hearing; and (vi) directed the sending of notice to the settlement class members.

The Court approved a form notice for mailing to the class. The Court is informed that actual notice was sent by U.S. mail to _____ individuals who are deemed Class Members. A total of \_\_\_\_ envelopes were returned by the United States Postal Service marked not deliverable with no forwarding addresses available, and \_\_\_ envelopes were returned and re-mailed to a forwarding address. \_\_\_\_\_ Class Members submitted timely requests for exclusion. \_\_\_\_ Class Member(s) sent objections to the settlement. \_\_\_\_ Class Members submitted a timely valid claim form. The Court has found that (a) all \_\_\_ of the submitted claim forms are valid and those "Eligible Class Members" (defined below) will receive the settlement payment described below, (b) \_\_\_\_ Class Members excluded themselves from the settlement, and (c) \_\_\_\_ Class Members objected to the settlement.

On _____, a Motion for Final Approval of Class Action Settlement and Class Certification (Dkt. No. \_\_\_\_) was filed (hereinafter referred to as the "Final Approval Motion").

On _____, after notice was sent, a Fairness Hearing was held pursuant to the terms of the notice and Fed. R. Civ. P. 23 to determine whether the Lawsuit satisfied the requirements for class action treatment and whether the proposed settlement is fundamentally fair, reasonable, adequate, in the best interest of the settling class members and should be finally approved by the Court.

The Court has read and considered the Agreement and record.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. All capitalized terms used herein have the meanings defined herein and/or in the Agreement.

2. The Court has jurisdiction over the subject matter of the Consolidated Kaff Action and over all settling parties hereto.

3. <u>CLASS MEMBERS</u> — Pursuant to Fed. R. Civ. P. 23(b)(3), this action is hereby finally certified as a class action on behalf of the following class of plaintiffs (hereinafter referred to as the "Class Members") with respect to the claims asserted in the Lawsuit:

> All persons with addresses in the State of New York, who were sent one or more collection letters from NCI, that stated "American Express is required to file a form 1099C with the Internal Revenue Service for any cancelled debt of $600 or more" or a substantially identical statement, where the underlying debt being collected was incurred primarily for personal, family or household use, the letter(s) bear(s) a send date from September 30, 2012 through August 7, 2015, and the letter(s) were not returned as undeliverable.

4. <u>CLASS REPRESENTATIVES AND CLASS COUNSEL APPOINTMENT</u> — Pursuant to Fed. R. Civ. P. 23, the Court finally appoints Plaintiffs Abraham Kaff, Ari Pfeffer, and Raquel Jager as the Class Representatives and the law firms Edelman, Combs, Latturner & Goodwin, LLC, Maxim Maximov, LLP, and Adam J. Fishbein, Attorney at Law as Class Counsel.

5. <u>FINAL CLASS CERTIFICATION</u> — The Court finds that the Lawsuit satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23, namely:

   A. At approximately 76,843 individuals, the Class Members are so numerous that joinder of all of them in this Lawsuit is impracticable;

   B. There are questions of law and fact common to the Class Members, which predominate over any individual questions. The common questions include:

4

- Whether Defendant made false, deceptive or misleading representations in connection with the collection of a debt in violation of § 1692e of the FDCPA;

- Whether Defendant used false representations and deceptive means to collect a consumer debt alleged due, in violation of 15 U.S.C. § 1692e(10); and

- Whether, and in what amount, Plaintiffs are entitled to statutory damages under the FDCPA for Defendant's alleged violation.

In defense, NCI says that it acted lawfully and that it believes that its collection letters fully complied with all sections of the FDCPA and are not deceptive or misleading, among other reasons, because the statement "American Express is required to file a form 1099C with the Internal Revenue Service for any cancelled debt of $600 or more" is truthful;

   C. The claims of the Plaintiffs are typical of the claims of the Class Members. All were subjected to the same practice;

   D. The Plaintiffs and Class Counsel have fairly and adequately represented and protected the interests of all of the Class Members; and

   E. Class treatment of these claims will be efficient and manageable, thereby achieving judicial economy.

  6. The Court finds that the settlement of the Lawsuit, on the terms and conditions set forth in the Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the Class Members, especially in light of the benefits to the Class Members; the strength of the Plaintiffs' case; the complexity, expense, and probable duration of further litigation; the risk and delay inherent in possible appeals; the risk of collecting any judgment

obtained on behalf of the class; and the statutory ceiling on any potential recovery for the class. 15 U.S.C. § 1692k(a)(2).

7. <u>NOTICES</u> — Pursuant to the Court's Preliminary Approval Order, the approved class action notice was mailed to the Class Members. An Affidavit of the Class Administrator has been received of record. The forms and methods for notifying the Class Members of the settlement and its terms and conditions were in conformity with this Court's Preliminary Approval Order and satisfied the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, and constituted the best notice practicable under the circumstances. The Court finds that the notice was clearly designed to and did advise the Class Members of their rights.

8. <u>SETTLEMENT TERMS</u> — The Agreement, which is attached to Plaintiffs' Motion for Final Approval, shall be deemed incorporated herein, and the proposed settlement is finally approved and shall be consummated in accordance with the terms and provisions thereof, except as amended by any order issued by this Court. The Parties are hereby directed to perform the terms of the Agreement.

9. <u>CLASS SETTLEMENT FUND</u> — The Court approves the establishment of a Settlement Fund of $160,000.00 to be distributed equally to each of the Class Members who (a) has submitted a valid claim form and (b) has not excluded himself or herself from the class ("Eligible Class Members"). The Defendant shall establish the Settlement Fund within 15 days after the Final Judgment Date and settlement checks will be sent to the Eligible Class Members no later than 20 days thereafter.

10. <u>ATTORNEYS' FEES</u> — The Court has considered Class Counsel's application for counsel fees and costs. The costs for which reimbursement is sought appear to be fair, reasonable and necessary to effective prosecution of the case. The costs are adequately

documented, and are approved.  Class Counsel's detailed application for fees has been reviewed and the time spent appears to be fair, reasonable and necessary for the effective prosecution of the case.  The rates billed and the time spent are supported and appear to be fair and reasonable.  Class Counsel fees are approved in the sum of $_____ and costs are approved in the sum of $_____; fees and costs are approved in the aggregate amount of $_____, which shall be paid by NCI pursuant to the Agreement, separate and apart from the Settlement Fund.  Class Counsel's attorneys fees and costs shall be paid within 15 days after the Final Judgment Date.

11. <u>CLASS REPRESENTATIVES AWARD AND SETTLEMENT</u> — The Court approves a payment of One Thousand Dollars ($1,000.00) each for Class Representatives Abraham Kaff, Ari Pfeffer and Raquel Jager for settlement of their individual FDCPA claims.  Additionally, in recognition of their service as Class Representatives, the Court approves an additional payment of One Thousand and Five Hundred Dollars ($1,500.00) to be paid to each Class Representative as an incentive award for their service to the Class.  The Class Representatives shall be paid within 15 days after the Final Judgment Date.

12. <u>OBJECTIONS AND EXCLUSIONS</u> — The Class Members were given an opportunity to object to the settlement.  _____ Class Member(s) objected to the settlement.  The Class Members were also given an opportunity to exclude themselves from the settlement.  _____ Class Member(s) excluded themselves from the settlement.  A list of opt-outs, if any, is appended to this Order.  Those individuals are not bound to this settlement or this judgment.  Objection(s), if any, are overruled.

13. This order is binding on all Class Members, except those who excluded themselves.

7

14. <u>RELEASE OF CLAIMS AND DISMISSAL OF LAWSUIT</u> — "Released Claims" shall mean any and all actual, potential, filed, known, or unknown, fixed or contingent, claimed or unclaimed, suspected or unsuspected, claims, causes of action, suits, obligations, debts, demands, agreements, rights, promises, liabilities, damages, losses, controversies, costs, expenses, and attorneys' fees of any nature whatsoever, whether based on any federal law (including the FDCPA), state law, common law or any other law (including the law of any jurisdiction outside the United States), rule or regulation, or of any other type or form (whether in contract, tort, or otherwise, including statutory, common law, property, and equitable claims), which Plaintiffs or any Class Member now have, or ever had, against the Released Parties arising out of the facts, transactions, events, matters, occurrences, acts, disclosures, statements, omissions, or failures to act relating to their receipt of or NCI's sending of the Subject Letters to the Plaintiffs and Class Members. Notwithstanding the foregoing, the Plaintiffs and Class Members specifically reserve the right to dispute the amount of the alleged debts that they owe to NCI or its clients that underlie the Subject Letters. Nothing herein shall prevent Defendant or another from continuing to attempt to collect the debts owed by the Plaintiffs and Class Members. The release shall become effective as of the date the Defendant causes the "Settlement Fund" to be funded.

15. The within matter shall be marked dismissed with prejudice.

16. The Court hereby retains continuing jurisdiction over the Parties and all matters relating to the Lawsuit and/or Agreement, including the administration, interpretation, construction, effectuation, enforcement, and consummation of the settlement and this order.

IT IS SO ORDERED.

8

DATED: _____ _____

U.S.D.J.