# EXHIBIT D

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ABRAHAM KAFF, ARI PFEFFER and RAQUEL JAGER on behalf of themselves and all other similarly situated consumers<br><br>                        Plaintiffs,<br><br>    vs.<br><br>NATIONWIDE CREDIT, INC.<br><br>                        Defendant. | CLASS ACTION<br><br>NO. 13-cv-5413 (SLT-PK) |

## WEBSITE NOTICE OF CLASS ACTION SETTLEMENT

**If you received a mailing directing you to this website, you are entitled to receive a settlement payment in connection with a collection letter from Nationwide Credit, Inc.**

*A federal court has approved this notice. This is not a solicitation from a lawyer. You are not being sued.*

- This Lawsuit alleges a violation of a federal consumer law, brought as a class action against Nationwide Credit, Inc. ("NCI"). The case was brought on behalf of all persons with addresses in the State of New York, who were sent one or more collection letters from NCI, that stated "American Express is required to file a form 1099C with the Internal Revenue Service for any cancelled debt of $600 or more" or a substantially identical statement, where the underlying debt being collected was incurred primarily for personal, family or household use, the letter(s) bear(s) a send date from September 30, 2012 through August 7, 2015, and the letter(s) were not returned as undeliverable.

- If you received a mailing directing you to this website, NCI's records show that you were sent such a letter and are a member of the class (a "Class Member").

- The parties have reached a settlement, subject to Court approval. The settlement will yield an equal share of the settlement fund to each Class Member who submits a valid claim form. The total settlement fund is $160,000.00.

- Your rights are affected whether you act or don't act. Read this notice carefully.

| Your Legal Rights and Options in this Settlement: | |
|---|---|
| **Return a Claim Form Postmarked by _____, 2016.** | You will receive a payment from the Settlement Fund if you submit a claim form postmarked by _____, 2016. |

| **Do Nothing** | You will not receive a share of the class settlement fund.  However you will give up any rights to sue separately concerning the letter NCI sent you or the legal issues in this case, and you will be bound by this settlement. |
|---|---|
| **Exclude Yourself** | You will receive no benefits, but you will not be giving up your legal claims against NCI. Your request for exclusion must be postmarked by _____, 2016. |
| **Object** | If you remain in the class, you may write to the Court about why you don't like the settlement and why you don't want it approved. Submit your objection by _____, 2016. |
| **Go to a Hearing** | You may ask to speak in Court about the fairness of the settlement on _____. |

- These rights and options — **and the deadlines to exercise them** — are explained in this notice.

- The Court still has to decide whether to finally approve the settlement.  Payments will be made if the Court finally approves the settlement and after any appeals are resolved.  Please be patient.

BASIC INFORMATION

1.    Why did I receive a notice postcard?

You were sent a Court-approved notice because NCI determined that you were a member of the class.  As a class member you have a right to know about a proposed settlement of a class action lawsuit and about all of your options, before the Court decides whether to finally approve the settlement.  If the Court approves it, and after objections and any appeals are resolved, an administrator approved by the Court will make the payments that the settlement allows.

This notice explains that the Court has preliminarily approved a class action lawsuit.  This class action is known as *Abraham Kaff, Ari Pfeffer and Raquel Jager on behalf of themselves and all other similarly situated consumers v. Nationwide Credit, Inc*., U.S.D.C. E.D. New York 13-5413 (SLT-PK).  Judge Sandra L. Townes is assigned to this class action.

2.    What is this Lawsuit about?

This Lawsuit is about whether NCI violated a federal consumer protection law called the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA").  The Plaintiffs say NCI violated the FDCPA by sending collection letters for debts that misleadingly state the law regarding a requirement to file a Form 1099-C with the Internal Revenue Service ("IRS").  NCI has denied liability and asserted its collection communications were proper and that Plaintiffs suffered no harm.  This Lawsuit has nothing to do with the underlying debts NCI was attempting

2

to collect, or whether you owe any money.  This case is only about whether NCI sent a collection letter including statements that may be prohibited by the FDCPA.

| 3. | Why is this a class action? |

In a class action, one or more people called Class Representatives (in this case Abraham Kaff, Ari Pfeffer, and Raquel Jager) sue on behalf of people who have similar claims.  The people together are a class or class members.  The individuals who sued are called the plaintiffs.  The party sued (in this case NCI) is called the defendant.  One court resolves the issues for everyone in the class — except for those people who choose to exclude themselves from the class.

The Court has made a preliminary determination that this action can proceed as a class action for settlement because it meets the requirements of Federal Rule of Civil Procedure 23, which governs class actions in federal courts.

The "Class" has been defined as:

> All persons with addresses in the State of New York, who were sent one or more collection letters from NCI, that stated "American Express is required to file a form 1099C with the Internal Revenue Service for any cancelled debt of $600 or more" or a substantially identical statement, where the underlying debt being collected was incurred primarily for personal, family or household use, the letter(s) bear(s) a send date from September 30, 2012 through August 7, 2015, and the letter(s) were not returned as undeliverable.

NCI determined that the class consists of a total of 76,843 individuals.

All pleadings and filings with the Court can be inspected at the Office of the Clerk for the United States District Court for the Eastern District of New York, 225 Cadman Plaza East, Brooklyn, NY 11201 during regular business hours.  https://www.nyed.uscourts.gov/

| 4. | Why is there a settlement? |

Plaintiffs say that NCI violated the law by sending collection letters that misleadingly and deceptively included statements about Form 1099-C and the IRS that are improper under the FDCPA.  The Plaintiffs sought a money award for statutory damages allowed under the consumer laws for themselves and for each member of the Class.  Plaintiffs also requested that Class Counsel fees and expenses be paid by NCI.

Both sides have agreed to a settlement.  That way, they avoid the cost and uncertainty of a trial, and the people affected will get compensation.  Plaintiffs and their attorneys think the settlement is best for all Class Members given the limit that the law places on the possible recovery.

## WHO IS IN THE SETTLEMENT

| 5. | How do I know that I am part of the settlement? |

Class Members were identified through NCI's records, which show that you were sent such a letter. NCI determined that the class consists of a total of 76,843 individuals.

## THE SETTLEMENT BENEFITS - WHAT YOU GET

| 6. | What does the settlement provide? |

Settlement payments will be distributed in equal shares to Class Members who submit a valid claim form by _____, 2016. The total settlement fund (not including the Class Representatives' recovery, the cost of class notice and administration or Class Counsel fees and expenses) is $160,000.00.

| 7. | How much will my payment be? |

If you submit a claim form postmarked by _____, 2016, you will receive a share of the $160,000.00 settlement fund established by NCI. The settlement fund will be divided equally among all Class Members who return a valid claim form. If all Class Members return a claim form, which is unlikely, each claimant will receive approximately $2.08. However, Class Counsel expects that between 10% and 20% of the class members will return a claim form meaning each claimant will likely receive between $10.41 and $20.82.

The settlement checks will be mailed to the Class Members (a) who submit a valid claim form, and (b) who do not exclude themselves from the class. Any settlement funds remaining from uncashed checks or undistributable funds will be awarded to a non-profit legal-aid organization in New York, as a *cy pres* remedy for the settlement Class.

## HOW YOU GET A PAYMENT

| 8. | How can I get a payment? |

If you submit a claim form postmarked by _____, 2016, you will receive a payment if the Court finally approves the settlement. If you live at an address other than the one where the postcard notifying you of this settlement was sent, advise the Administrator of your current address. *See* ¶ 11.

| 9. | When would I get my payment? |

The Court will hold a hearing on _____, at ___ in Courtroom _____, at 225 Cadman Plaza East, Brooklyn, NY 11201 to decide whether to finally approve the settlement. If the Court approves the settlement, there is a period in which an appeal could be filed. It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year. If there is no appeal, checks are generally mailed within 60 days of the final approval order.

| 10. | What am I giving up to get a payment or stay in the Class? |

Unless you exclude yourself, you will stay in the Class, and that means that you can't sue, continue to sue, or be part of any other lawsuit against NCI about the legal issues in this case. It also means that the Court's orders or judgments will apply to you and legally bind you. Unless you "opt-out" or exclude yourself from this case, you will agree to give up the "Released Claims," as defined in the Settlement Agreement, related to the letter.

### EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want to participate in the proposed settlement, but you want to keep the right to sue or continue to sue NCI on your own about the legal issues in this case, then you must take steps to get out. This is called excluding yourself — or sometimes referred to as "opting-out" of the settlement Class.

| 11. | How do I get out of the settlement? |

To exclude yourself from the settlement, you must send an "Exclusion Request" in the form of a letter sent by mail, stating that you want to be excluded from *Abraham Kaff, Ari Pfeffer and Raquel Jager on behalf of themselves and all other similarly situated consumers v. Nationwide Credit, Inc*., U.S.D.C. E.D. New York 13-5413 (SLT-PK). Be sure to include your name, address, telephone number, email address if possible, and your signature or signature of your counsel. You must mail your Exclusion Request postmarked no later than _____ to:

**Kaff v. Nationwide Credit Class Settlement**
**c/o Rust Consulting Inc.**
**[*address to be inserted*]**

| 12. | If I don't exclude myself, can I sue NCI for the same thing later? |

No. Unless you exclude yourself, you give up any right to sue NCI for the claims asserted in this Class Action Lawsuit. If you have a pending lawsuit, speak to your lawyer in that case immediately. You must exclude yourself from *this* Class to continue your own lawsuit. Remember, the exclusion deadline is _____, 2016.

| 13. | If I exclude myself, can I get money from this settlement? |

No. If you exclude yourself, you will not receive any money from this lawsuit or settlement. But, you may sue, continue to sue, or be part of a different lawsuit against NCI, as the law allows.

### OBJECTING TO THE SETTLEMENT

You can tell the Court that you don't agree with the settlement or some part of it.

| 14. | How do I tell the Court that I don't like the settlement? |

You can object to the settlement if you don't like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. To object, you must send an "Objection" in the form of a letter by mail, or filing in the court, stating that you object to the proposed settlement in *Abraham Kaff, Ari Pfeffer and Raquel Jager on behalf of themselves and all other similarly situated consumers v. Nationwide Credit, Inc*., U.S.D.C. E.D. New York 13-5413 (SLT-PK). Be sure to include your name, address, telephone number, email address if available, and the reasons you object to the settlement, signed by you or your counsel. Mail the objection to the address below (or electronically file your objection if you wish) no later than _____.

Clerk of the Court
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

A copy of your Objection must also be sent to Class Counsel and Defense Counsel at the addresses listed in paragraph 21 below.

| 15. | What is the difference between objecting and excluding? |

Objecting is simply telling the Court that you don't like something about the settlement, and that you, for that reason, want the settlement *not to* be approved. You can object only if you stay in the Class. Excluding yourself is telling the Court that you don't want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

**THE LAWYERS REPRESENTING YOU**

| 16. | Do I have a lawyer in this case? |

The Court decided that the law firms of Edelman, Combs, Latturner & Goodwin, LLC in Chicago, and the law firms of Maxim Maximov, LLP, and Adam J. Fishbein, Attorney at Law in New York, are qualified to represent you and all Class Members. These law firms are called Class Counsel.

You do not need your own lawyer because Class Counsel is working on your behalf. But, if you want your own lawyer, you may engage one, but you will have to pay that lawyer. You can ask him or her to appear in Court for you if you want someone other than Class Counsel to speak for you, but you will still be bound by the results of this action. If you engage your own lawyer, he or she must file an entry of appearance with the clerk's office.

| 17. | How will the lawyers be paid? |

Class Counsel has pursued this case on a fully contingent fee basis and has been paid nothing for their services or expenses advanced to date since this case was filed. Class Counsel will ask the

Court to award fees for their services plus their out-of-pocket litigation costs in a total amount not to exceed $40,000.00 through the final approval hearing. NCI will not oppose Plaintiffs' application for these sums. Class Counsel fees and costs will be separately paid by NCI in an amount approved or awarded by the Court and attorneys' fees and costs will not come out of the settlement fund. Class Counsel will file a request for approval of legal fees and costs in that amount on or before _____. You may obtain a copy of such motion by contacting Class Counsel or visiting the Court's website. A copy of the motion will also be posted to this website after it is filed.

### THE COURT'S FAIRNESS HEARING

| 18. | When and where will the Court decide whether to approve the settlement? |

The Court will hold a Fairness Hearing at _____ on _____, in Courtroom ____ at the U.S. District Court, 225 Cadman Plaza East, Brooklyn, NY 11201. At this hearing the Court will consider whether the settlement is fair, reasonable and adequate. If there are objections, the Court will consider them. The Court will listen to people who have asked to speak at the hearing. The Court may decide how much to pay Class Counsel for their services and expenses. The Court will also decide whether a service award of $1,500.00 and statutory damages of $1,000.00 to each Class Representative is appropriate. After the hearing, the Court will decide whether to approve the settlement. We do not know how long these decisions will take.

| 19. | Do I have to come to the hearing? |

No. Class Counsel will answer any questions the Court may pose. But you are welcome to come at your own expense. If you send an objection, you don't have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. While not necessary, your own lawyer may attend at your expense.

| 20. | May I speak at the hearing? |

You or your attorney could ask the Court for permission to speak at the Fairness Hearing. To do so, you or your attorney must send a letter stating "Notice of Intention to Appear in *Abraham Kaff, Ari Pfeffer and Raquel Jager on behalf of themselves and all other similarly situated consumers v. Nationwide Credit, Inc*., U.S.D.C. E.D. New York 13-5413 (SLT-PK)." The Notice of Intention to Appear must be postmarked no later than _____, or be electronically filed by that date, and be sent to the Clerk of the Court, the Class Administrator, Class Counsel, and Defense Counsel at the addresses listed in paragraph 21 below.

You may not speak at the hearing if you exclude yourself.

**GETTING MORE INFORMATION**

| 21. | How do I get more information? |

You may visit the Court's website at https://www.nyed.uscourts.gov/ and search for any opinions or orders issued in the case. If you have further questions or need a copy of the settlement agreement or a copy of any document filed in the case, you may contact Class Counsel at:

Daniel A. Edelman
Cathleen M. Combs
Tiffany N. Hardy
Edelman, Combs, Latturner &
Goodwin, LLC
20 S. Clark Street, Suite 1500
Chicago, IL 60603

Maxim Maximov
Maxim Maximov, LLP
1701 Avenue P
Brooklyn, NY 11229

Adam Jon Fishbein
Adam J. Fishbein, Attorney at Law
483 Chestnut Street
Cedarhurst, NY 11516

Or, you may contact the Class Administrator at:

Rust Consulting, Inc.
[Address to be inserted]
[800-###-####]

The name of Defense Counsel is:

Joseph L. Noga
Jenner & Block LLP
919 Third Avenue
39th Floor
New York, NY 10022

This notice is given at the direction of the Court. The Court has not expressed an opinion on the merits of the case. <u>Do not call the Clerk, the Judge or Defense Counsel</u>. Any questions should be directed to Class Counsel or the Class Administrator.

Dated: _____, 2016          BY THE CLERK:

                                        _____  
                                        Douglas C. Palmer  
                                        Clerk, United States District Court  
                                        Eastern District of New York  
                                        225 Cadman Plaza East  
                                        Brooklyn, NY 11201