# EXHIBIT E



## MAXIM MAXIMOV, LLP
—— ATTORNEYS AT LAW ——

February 22, 2017

**VIA ECF**
Honorable Judge Sandra L. Townes
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    **RE:**   **Case No. 1:13-cv-05413-SLT-PK**
               **Abraham Kaff v. Nationwide Credit, Inc.**

Dear Honorable Judge Townes:

    I represent the Plaintiff in the above referenced matter. In accordance with Your Honor's Order dated February 15, 2017, I am writing in support of my proposed hourly rates as per Riley v. City of New York, No. 10-CV-2513 (MKB), 2015 WL 9592518, at *1 (E.D.N.Y. Dec. 31, 2015).

    The Court should award the amount which the Court finds to be a reasonable "lodestar fee". District courts must calculate awards for attorneys' fees using the 'lodestar' method, Ferland v. Conrad Credit Corp., 244 F.3d 1145, 1147-48 (9th Cir.2001) (per curiam) (citations omitted), and the amount of that fee must be determined on the facts of each case. Hensley v. Eckerhart, 461 U.S. 424, 429, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). "The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." Ferland, 244 F.3d at 1149 n. 4 (citation and internal quotation marks omitted). "Although in most cases, the lodestar figure is presumptively a reasonable fee award, the district court may, if circumstances warrant, adjust the lodestar to account for other factors which are not subsumed within it."

    In assessing the presumptively reasonable fee, the Second Circuit has instructed that courts should consider the factors articulated in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974). See Arbor Hill, 522 F.3d at 190. As summarized by the Second Circuit, the Johnson factors relevant to a court's consideration are: (I) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; ( 4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary

hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. Id. at 186 n.3 (citing Johnson, 488 F.2d at 717-19). In addition, in assessing an attorney's reasonable hourly rate, a court is also required to adhere to what is referred to as the "forum rule". Pursuant to the "forum rule", the Second Circuit has instructed that courts should use the "prevailing [hourly rate] in the community" in determining the reasonable hourly rate. Id. (citing Blum v. Stenson, 465 U.S. 886, 104 S. Ct. 1541, 79 L.Ed.2d 891 (1984)). For the purposes of calculating the reasonably hourly rate under the forum rule, the relevant "community" is "the district where the district court sits". Id. (citing Polk v. N.Y. State Dep't ofCorr. Servs., 722 F.2d 23, 25 (2d Cir. 1983)); see also Savino v. Computer Credit. Inc., 164 F.3d 81, 87 (2d Cir. 1998) (finding that district court did not abuse its discretion by reducing fees so that they were line with other fees awarded in the Eastern District of New York); Luciano v. Olsten Com., 109 F.3d 1 1 1, 115-116 (2d Cir. 1997) (holding that district court, in setting fees, appropriately relied upon prevailing market rates in the Eastern District of New York where the case was commenced and litigated). In calculating the presumptively reasonable fee, "courts should generally use the hourly rates employed in the district in which the reviewing court sits." Simmons, 575 F.3d at 174 (citation and internal quotation marks omitted). In FDCPA cases, courts in the Eastern District of New York have regularly awarded experienced attorneys hourly rates ranging from $250 to $350. See, e.g., Crapanzano, 2011 U.S. Dist. LEXIS 76759, *4 (finding $250 to be a reasonable hourly rate for an FDCPA case in the E.D.N.Y.); Sparkman v. Zwicker & Assocs., P.C., No. 04-CV-1143, 2006 U.S. Dist. LEXIS 7376, at *5-6 (E.D.N.Y. Feb. 27, 2006) (noting that "district courts in this circuit have awarded attorney's fees at rates ranging from $200 to $250 per hour for experienced attorneys in FDCPA cases" and awarding attorney an hourly rate of $200); Pinkham v. Prof'l Claims Bureau, Inc., 367 F. Supp. 2d 338, 340 (E.D.N.Y. 2005) (awarding counsel an hourly rate of $250 in an FDCPA case).

     I am a licensed attorney in the State of New York commencing in 2009. My law firm specializes in consumer law. Throughout the past 9 years, I have filed approximately 432 Fair Debt Collection Practices Act ("FDCPA") cases and approximately 590 Chapter 7 & Chapter 13 bankruptcy petitions. On November 5, 2012, the Honorable Judge Brian M. Cogan issued a Memorandum Decision and Order in Benjamin Ehrlich v. Royal Oak Financial Services, Inc. d/b/a CBR, Case No. 1:12-cv-3551-BMC, holding that my reasonable hourly fee should be calculated at an hourly rate of $225.00 (Exhibit B). Judge Cogan's decision was issued approximately 4 years ago. Since the date of the decision, my expertise with consumer law has significantly increased.

I have maintained detailed billing records (Docket No. 51 and Exhibit A). I have reviewed my time records and have excluded excessive, redundant or otherwise unnecessary hours as required by <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 434 (1983). No time was billed for support staff, including time spent by law clerks performing various research tasks.

Billing references citing "IL" refer to Igor B. Litvak, Esq. Mr. Litvak is licensed in the State of New York and the State of New Jersey. Mr. Litvak has been practicing law commencing in 2013 and is co-counsel to my firm and also assists other law firms. Mr. Litvak has presently handled approximately 234 FDCPA cases and 50 Chapter 7 bankruptcy petitions.

The Eleventh Circuit held in an FDCPA case that a prevailing consumer's attorney fee award "is properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." <u>Hollis v. Roberts</u>, 984 F.2d 1159, 1161 (11th Cir. 1993). Once the Court has determined the reasonable hourly rate and the reasonable number of hours, the final fee is determined by simply multiplying these two factors.

Accordingly, plaintiff respectfully requests that this loadstar amount be awarded as reasonable attorney's fees in this matter in the hourly sum of $275.00. Thank you for Your Honor's time and attention to this matter.

Very truly yours,

Maxim Maximov, Esq.

**EXHIBIT A**

## BREAKDOWN OF LEGAL BILLING

Abraham Kaff v. Nationwide Credit, Inc., 1:13-cv-05413-SLT-VVP

| Attorney | Date | Work Performed | Time |
|---|---|---|---|
| MM | 09/16/2013 | Initial Consultation with client | 1.5 |
| MM | 09/17/2013 | Review of documentation provided by client | 1.0 |
| MM | 09/24/2013 | Prepare Class Action Complaint | 3.0 |
| MM | 09/30/2013 | Prepare documents for filing | 0.7 |
| MM | 09/30/2013 | E-filed case | 0.2 |
| MM | 10/03/2013 | Prepared and mailed Waiver of Service | 1.0 |
| MM | 11/26/2013 | Contacted process server and submitted for service | 0.4 |
| MM | 12/10/2013 | Received call from Joe Noga, discussed | 0.1 |
| MM | 12/10/2013 | Received email from Joe Noga, reviewed | 0.1 |
| MM | 12/11/2013 | Received e-mail from Joe Noga, reviewed | 0.2 |
| MM | 12/11/2013 | Sent e-mail to Joe Noga | 0.4 |
| MM | 12/11/2013 | Received e-mail from Joe Noga, reviewed | 0.1 |
| MM | 12/11/2013 | Sent e-mail to Joe Noga | 0.7 |
| MM | 12/12/2013 | Received e-mail from Lauren at Joe Noga's office, reviewed | 0.1 |
| MM | 12/12/2013 | Reviewed Nationwide motion to extend time to file answer | 0.3 |
| MM | 12/14/2013 | Telephone call with client to provide update on the case | 0.1 |
| MM | 12/17/2013 | Reviewed Court's order granting motion to extend | 0.1 |

**BREAKDOWN OF LEGAL BILLING** *(continued)*

| | | | |
|---|---|---|---|
| MM | 12/19/2013 | Reviewed e-mail from Joe Noga | 0.2 |
| MM | 12/19/2013 | Researched case law pertaining to 12/19/2013 Joe Noga email | 1.5 |
| MM | 12/19/2013 | Drafted and sent email to Joe Noga | 0.6 |
| MM | 12/27/2013 | Received and reviewed e-mail from Joe Noga | 0.3 |
| MM | 12/28/2013 | Researched case law pertaining to 12/27/2013 Joe Noga email | 1.2 |
| MM | 01/06/2014 | E-mail to Joe Noga | 0.4 |
| MM | 01/10/2014 | Reviewed E-mail from Laura at Joe Noga's office with attached letter motion requesting a pre-motion conference | 1.4 |
| MM | 01/11/2014 | Researched case law pertaining to filed 01/10/2014 motion | 4.2 |
| MM | 01/14/2014 | Discussed and prepared co-counsel Igor Litvak for 01/15/2014 initial conference | 0.7 |
| MM | 01/15/2014 | Filed response to 01/10/2014 motion | 5.8 |
| IL | 01/15/2014 | Co-counsel attended initial conference | 1.0 |
| MM | 01/15/2014 | Discussed initial conference with Igor Litvak | 0.4 |
| MM | 01/16/2014 | Reviewed Judge Pohorelsky's 01/16/2014 Order | 0.2 |
| MM | 01/28/2014 | Reviewed Judge Pohorelsky's Order denying Motion for a Pre Motion Conference notice | 0.1 |
| MM | 01/30/2014 | E-mail to Joe Noga | 0.2 |
| MM | 01/30/2014 | Reviewed e-mail from Laura at | |

## BREAKDOWN OF LEGAL BILLING *(continued)*

| | | | |
|---|---|---|---|
| | | Joe Noga's office | 0.1 |
| MM | 01/31/2014 | Reviewed Nationwide's filed letter on ECF | 0.4 |
| MM | 02/04/2014 | Reviewed email from Joe | 0.1 |
| MM | 02/05/2014 | Researched case law | 4.2 |
| MM | 02/06/2014 | E-mail to co-counsel Dan Edelman | 0.2 |
| MM | 02/06/2014 | E-mail to co-counsel Dan Edelman | 0.1 |
| MM | 02/06/2014 | E-mail from co-counsel Dan Edelman | 0.4 |
| MM | 02/06/2014 | E-mail to co-counsel Dan Edelman | 0.2 |
| MM | 02/07/2014 | E-mail to co-counsel Dan Edelman | 0.2 |
| MM | 02/06/2014 | E-mail from co-counsel Dan Edelman | 0.1 |
| MM | 02/18/2014 | E-mail to co-counsel Dan Edelman | 0.2 |
| MM | 02/18/2014 | E-mail from co-counsel Dan Edelman | 0.2 |
| MM | 02/20/2014 | Telephone call with client to provide update on the case | 0.1 |
| MM | 02/24/2014 | E-mail from Laura at Joe Noga's office regarding review of draft letter to Judge Townes | 0.1 |
| MM | 02/24/2014 | E-mail to Laura at Joe Noga's office regarding review of draft letter to Judge Townes | 0.1 |
| MM | 02/24/2014 | E-mail from Laura at Joe Noga's office regarding review of draft letter to Judge Townes | 0.1 |
| MM | 02/25/2014 | E-mail from Laura at Joe Noga's office regarding review of draft letter to Judge Townes | 0.2 |
| MM | 02/25/2014 | Letter to Judge Townes informing of an | |

## BREAKDOWN OF LEGAL BILLING *(continued)*

| | | | |
|---|---|---|---|
| | | agreed upon briefing schedule as to the Motion to Dismiss by Nationwide Credit, Inc. | 1.2 |
| MM | 02/25/2014 | Reviewed Judge Townes Order granting briefing schedule | 0.1 |
| MM | 03/04/2014 | E-mail from Laura at Joe Noga's office regarding filing of Joint 26(f) Report | 0.1 |
| MM | 03/04/2014 | E-mail from co-counsel Dan Edelman | 0.1 |
| MM | 03/05/2014 | E-mail from Sara at Joe Noga's office | 0.1 |
| MM | 03/06/2014 | E-mail from Joe Noga | 0.4 |
| MM | 03/06/2014 | Reviewed co-counsel's filing of First Motion for pre motion conference on Plaintiff's Motion for Class Certification | 1.8 |
| MM | 03/06/2014 | Reviewed filed Report of Rule 26(f) Planning Meeting | 0.3 |
| MM | 03/18/2014 | Reviewed e-mail from Laura at Joe Noga's office | 0.2 |
| MM | 03/19/2014 | Reviewed Order denying Motion for Pre Motion Conference | 0.4 |
| MM | 05/09/2014 | Reviewed Nationwide's Motion to Dismiss | 3.8 |
| MM | 05/09/2014 | Reviewed Nationwide's Reply to Response | 0.8 |
| MM | 04/15/2015 | Reviewed Order granting Motion for Extension of Time to Answer | 0.2 |
| MM | 05/06/2015 | Discussed and prepared co-counsel Igor Litvak and Dan Edelman for conference | 0.7 |
| IL | 05/06/2015 | Co-counsel attended initial conference | 1.0 |
| MM | 05/06/2015 | Discussed conference with Igor Litvak | 0.7 |

## BREAKDOWN OF LEGAL BILLING *(continued)*

| | | | |
|---|---|---|---|
| MM | 05/07/2015 | Telephone call with client to provide update on the case | 0.1 |
| MM | 05/08/2015 | Reviewed Judge Pohorelsky Minute Entry Order | 0.1 |
| MM | 08/06/2015 | Discussed and prepared co-counsel for conference | 0.4 |
| IL | 08/06/2015 | Co-counsel attended conference | 1.0 |
| MM | 08/06/2015 | Discussed conference with co-counsel | 0.9 |
| MM | 08/07/2015 | Reviewed Judge Pohorelsy Minute Entry Order | 0.2 |
| MM | 08/28/2015 | Researched case law | 4.5 |
| MM | 08/28/2015 | Prepared and filed Amended Complaint | 6.5 |
| MM | 09/14/2015 | Reviewed letter to Judge Pohorelsky from Joe Noga | 0.5 |
| MM | 09/15/2015 | Prepared and filed Corrected First Amended Complaint | 1.3 |
| MM | 09/29/2015 | Reviewed Nationwide's Answer to Amended Complaint | 1.5 |
| MM | 10/01/2015 | Telephone call with client to provide update on the case | 0.1 |
| MM | 10/16/2015 | Reviewed Judge Kuo's Scheduling Order | 0.1 |
| MM | 11/04/2015 | Prepared and filed Motion to Adjourn Conference | 0.4 |
| MM | 11/05/2015 | Reviewed Order granting Motion to Adourn | 0.1 |
| MM | 11/17/2015 | Reviewed Notice of Appearance by Adam Jon Fishbein | 0.1 |
| MM | 11/17/2015 | Reviewed Consent Motion to Adjourn | |

## BREAKDOWN OF LEGAL BILLING *(continued)*

| | | | |
|---|---|---|---|
| | | Conference | 0.2 |
| MM | 11/18/2015 | Reviewed Order granting Motion to Adjourn | 0.1 |
| MM | 11/23/2015 | Discussed case with co-counsel in preparation for 11/24/2015 conference | 1.1 |
| MM | 11/24/2015 | Reviewed 11/24/2015 Minute Entry Order | 0.1 |
| MM | 12/09/2015 | Reviewed Nationwide's Letter Motion for Protective Order | 0.6 |
| MM | 12/10/2015 | Reviewed Judge Juo's Order granting Protective Order | 0.1 |
| MM | 01/05/2016 | Telephone call with client to provide update on the case | 0.1 |
| MM | 01/13/2016 | Discussed case with co-counsel in preparation for 01/14/2016 conference | 0.8 |
| MM | 01/14/2016 | Discussed 01/14/2016 conference with co-counsel | 0.3 |
| MM | 02/17/2016 | Discussed case with co-counsel in preparation for 02/19/2016 conference | 0.4 |
| MM | 02/19/2016 | Discussed 02/19/2016 conference with co-counsel | 0.2 |
| MM | 02/19/2016 | Reviewed Judge Kuo's 02/19/2016 Minute Entry Order | 0.1 |
| MM | 02/24/2016 | Telephone call with client to provide update on the case | 0.1 |
| MM | 03/30/2016 | Reviewed Judge Townes Order dated 03/30/2016 | 0.1 |
| MM | 03/30/2016 | Reviewed co-counsels filing of Motion for Settlement | 1.7 |

### BREAKDOWN OF LEGAL BILLING *(continued)*

| | | | |
|---|---|---|---|
| MM | 03/30/2016 | Reviewed Judge Kuo's Order regarding Motion for Preliminary Approval of the Class Action Settlement | 0.2 |
| MM | 05/23/2016 | Reviewed Judge Townes' Order of Preliminary Approval of Class Action Settlement and Preliminary Determination of Class Action Status | 0.2 |
| MM | 06/01/2016 | Telephone call with client to provide update on the case | 0.1 |
| MM | 08/03/2016 | Telephone call with client to provide update on the case | 0.1 |

Total Hours: 71.5
Hourly Fee: $275.00
Total Legal Fee: $19,662.50

I respectfully submit that $275.00 is a reasonable hourly rate. I was admitted to the New York State Bar in September 2008. I have experience in bringing actions on behalf of consumers for violations of the Fair Debt Collection Practices Act. To date, more than 400 cases have been filed. This hourly rate of $275.00 is reasonable for an attorney with my experience practicing in New York City and is consistent with lodestar.

**EXHIBIT B**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

BENJAMIN EHRLICH, on behalf of himself
and all others similarly situated,

                            Plaintiff,

              - against -

ROYAL OAK FINANCIAL SERVICES, INC.
D/B/A CBR,

                            Defendant.
----------------------------------------------------------X

**MEMORANDUM**
**DECISION AND ORDER**

CV- 12-3551 (BMC)

**COGAN**, District Judge.

    This matter is before the Court on [12] plaintiff's motion for default judgment. The motion is granted to the extent set forth below.

    Plaintiff's complaint alleges that on or about June 11, 2012, defendant sent plaintiff a collection letter seeking to collect a balance allegedly incurred for personal purposes. The collection letter stated in relevant part: "Unless this account or any portion thereof is disputed within 30 days from the receipt of this notice, we will assume this debt to be valid. If you dispute this debt or any portion thereof within this 30 day time period we will furnish you with a verification of this debt and the name and address of the original creditor." Plaintiff claims that this language is in violation of 15 U.S.C. §§ 1692(a)(4) and (a)(5) of the Fair Debt Collection Practices Act ("FDCPA"), because the letter failed to advise plaintiff that in order to be entitled to a verification of the debt or in order to obtain the name and address of the original creditor, the request had to be in writing. After defendant failed to answer or appear in this action, the Clerk of the Court entered the default of defendant on October 5, 2012.

A default constitutes an admission of all well-pleaded factual allegations in the complaint pertaining to liability. Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992). A default also effectively constitutes an admission that the acts pleaded in the complaint violated the laws upon which the claim is based and caused injuries as alleged. Cablevision Systems New York City Corp. v. Lokshin, 980 F. Supp. 107, 111 (E.D.N.Y. 1997) (citing Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 69-70 (2d Cir. 1981). However, a default is not considered an admission of damages, and thus, the Court must ensure that there is a basis for the damages requested by plaintiff. Greyhound, 973 F.2d at 158; Credit Lyonnais Sec. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999). It is not necessary for the Court to hold an evidentiary hearing on damages; the Court may rely upon affidavits and documentary evidence in deciding its damages award. Overcash v. United Abstract Group, Inc., 549 F. Supp. 2d 193, 196 (N.D.N.Y. 2008) (citing Fustok v. ContiCommodity Servs., Inc., 873 F.2d 38, 40 (2d Cir. 1989)).

Plaintiff has requested that the Court award him $1,000 in statutory damages – the maximum allowed as "additional damages" under 15 U.S.C. § 1692k(a)(2)(A). The decision whether to award these additional damages, as well as the amount of any award, is "committed to the sound discretion of the district court." Clomon v. Jackson, 988 F.2d 1314, 1322 (2d Cir. 1993). In exercising this discretion, the Court must analyze "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." 15 U.S.C. § 1692k(b)(1).

There is no allegation in the complaint that defendant's non-compliance was intentional. Plaintiff does, however, summarily assert in his memorandum in support of his motion for default judgment, that "[i]n this case, the violations of the FDCPA have been

intentional in nature" and that "[c]ompliance with the law would have been simple and placed no burden on defendant." Plaintiff also asserts in his memorandum that defendant continued to call and send letters to plaintiff after service of plaintiff's complaint and notice of representation and notes that these "amount to separate unplead violations." However, because plaintiff failed to plead any of the above allegations in his complaint or submit proof of them in support of his motion, the Court will not consider them in its determination of plaintiff's damage award.

Additionally, plaintiff has failed to demonstrate the persistence or frequency of defendant's unlawful conduct as described in the complaint. The Court assumes this is because there was only one alleged incident of unlawful conduct by defendant. Moreover, the collection letter sent by defendant contained no threatening language whatsoever. Finally, plaintiff suffered no actual damages; in fact, plaintiff does not even allege that he made any effort, in writing or otherwise, to contact defendant or that he had any such intent. Under these circumstances, an award of $500.00 is in line with statutory damages awarded in other FDCPA cases in this Circuit. See, e.g. Savino v. Computer Credit, Inc., 164 F.3d 81 (2d Cir. 1998) (affirming a district court's award of $500.00 against a debt collector whose noncompliance was not intentional and whose communication was "not threatening or abusive in tone"); Nero v. Law Office of Streeter, P.L.L.C., 655 F. Supp. 2d 200 (E.D.N.Y. 2009) (awarding $500.00 in statutory damages where defendant's validation notice failed to state that consumer had to send written notification of any dispute of debt).

Plaintiff has also requested that the Court award attorney's fees in the amount of $4,537.50 and costs in the amount of $450. As the prevailing party, plaintiff is entitled to costs and a reasonable attorney's fee. See 15 U.S.C. § 1692k(a)(3); Jacobson v. Healthcare

3

Fin. Servs., Inc., 516 F.3d 85 (2d Cir. 2008). In calculating the appropriate attorney's fee award under the FDCPA, "courts typically use a 'lodestar' figure as a starting point . . . calculated by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate for each attorney or paralegal involved." Dowling v. Kucker Kraus & Bruh, LLP, No. 99 Civ. 11958, 2005 WL 1337442, at *6 (S.D.N.Y. June 6, 2005) (quoting Kapoor v. Rosenthal, 269 F. Supp. 2d 408, 412 (S.D.N.Y. 2003)). The court should exclude from this calculation hours that were not "reasonably expended," including "excessive, redundant, or otherwise unnecessary" hours. Id. (quoting Hensley v. Eckerhart, 461 U.S. 424, 434-35, 103 S. Ct. 1933 (1983)). The court must explain any exclusions or reductions in calculating the lodestar. Id.

Plaintiff's attorney, Mr. Maxim Maximov, submits that his hourly rate of $275.00 is reasonable considering that he was admitted to the New York State Bar in September 2008, he has experience in bringing actions on behalf of consumers for violations of the FDCPA, and $275.00/hour is comparable to the rates charged by attorneys with his experience practicing in New York City. Mr. Maximov also submits that he has reviewed his time records and has excluded any excessive, redundant or otherwise unnecessary hours and that no time was billed for support staff, including time spent by law clerks performing various research tasks. Finally, he submits a "Breakdown of Legal Billing" which provides the dates that work was done, the nature of the work done, and the length of time spent on each task. It also demonstrates that he worked a total of 16.5 hours on this matter, which were reasonably expended, according to Mr. Maximov.

Courts are to use the prevailing hourly rate in the community in determining whether an attorney's hourly rate is reasonable. Blum v. Stenson, 465 U.S. 886, 104 S. Ct. 1541

4

(1984). The Second Circuit has held that the relevant "community" is the district where the district court sits. Polk v. N.Y. State Dep't of Corr. Servs., 722 F.2d 23 (2d Cir. 1983). The hourly rates customarily awarded by courts in this district in FDCPA cases range from $200 to $250. See Crapanzano v. Nations Recovery Ctr., Inc., 11-CV-1008, 2011 U.S. Dist. LEXIS 76759, at *5-6 (E.D.N.Y. 2011) (concurring with this Court's conclusion in Vagenos v. LDG Fin. Servs. LLC, No. 09-CV-2672, 2010 U.S. Dist. LEXIS 145002 (E.D.N.Y. Jul. 20, 2000), that $250 is a reasonably hourly rate for FDCPA attorney in this district); Pinkham v. Prof'l Claims Bureau, Inc., 367 F. Supp.2d 338 (E.D.N.Y. 2005) (awarding counsel an hourly rate of $250 in an FDCPA case); Sparkman v. Zwicker & Assocs. P.C., No. 04-CV-1143, 2006 WL 463939, at *1 (E.D.N.Y. Feb. 27, 2006) (noting that "district courts in this circuit have awarded attorney's fees at rates ranging from $200 to $250 per hour for experienced attorneys in FDCPA cases" and awarding attorney an hourly rate of $200).

However, in addition to considering the hourly rates employed in the district in which the reviewing court sits, courts are to also consider the following case-specific factors in determining the reasonable hourly rate, and in deciding whether further adjustment is required:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany, 493 F.3d 110, 112 114 n.3 (2d Cir. 2007) (citations omitted).

5

The burden is on the party moving for attorney's fees to justify the hourly rate sought. Hensley v. Eckerhart, 461 U.S. 424, 437, 103 S. Ct. 1933 (1983). The Court finds that Mr. Maximov has not met this burden. First of all, this was about as simple an FDCPA case as there is and, therefore, the level of skill required to perform the legal service properly was not very high. Second, Mr. Maximov has only been in practice less than four years and his lack of experience was apparent at times. For example, Mr. Maximov included in plaintiff's complaint pages of quotations, citations and discussions of case law (specifically, paragraph 12, which is about three pages long), suggesting that plaintiff's counsel is unaware of the difference between a complaint and a brief. Further evidence of that are the factual statements in his brief in support of this motion which appear nowhere in evidentiary form. In addition, Mr. Maximov apparently copied and pasted that section of plaintiff's complaint in plaintiff's memorandum in support of his motion for default judgment, demonstrating a lack of new effort in drafting the memorandum. For these reasons, the Court concludes that the hourly rate charged by plaintiff's attorney of $275 is unreasonable and shall reduce the rate to $225 for purposes of calculating attorney's fees.

The Court has analyzed Mr. Maximov's time entries line by line to determine the reasonableness of the work performed. Mr. Maximov claims that on August 24, 2012, he spent half an hour on a "telephone call to defendant." This entry was made twice on his "Breakdown of Legal Billing" sheet. The Court finds the duplicate entry to be an error and will reduce the hours accordingly. Additionally, the Court sees no reason why leaving a message on defendant's machine – as Mr. Maximov explained he did in a letter to the Court dated August 24, 2012 – should have taken half an hour. The Court will only allow .1 of the .5 hours claimed on this activity. Similarly, plaintiff's counsel claims he spent half an hour on

6

September 21, 2012 and .3 hours on October 4, 2012 on "telephone call[s] with defendant." However, on both dates, Mr. Maximov submitted letters to the Court explaining that he was unable to reach defendant and that his messages went unanswered. Again, the Court cannot understand why leaving a message on two separate days took .5 hours and .3 hours respectively, and will reduce each time entry to .1 hours.

In connection with the preparation of plaintiff's default judgment papers, Mr. Maximov billed 3.0 hours. As noted earlier, an entire section of plaintiff's default judgment papers was lifted from plaintiff's complaint. Since it would not be appropriate to award Mr. Maximov fees for both the complaint and the memorandum, the Court will reduce the hours Mr. Maximov billed for preparation of the default judgment papers from 3.0 to 1.5 hours.

In total, the Court finds that the lodestar amount here is $3,037.50 (encompassing 13.5 hours of work at $225.00 per hour). The Court concludes that this amount is reasonable and thus declines to adjust the lodestar upward or downward. See Kapoor, 269 F. Supp. 2d at 412 (noting that a strong presumption exists that the lodestar figure represents a reasonable fee). The Court also awards plaintiff's requested costs of $425.00.

The Court hereby directs the Clerk to enter default judgment for the plaintiff in the amount of $3,962.50, representing $500.00 in statutory damages, $3,037.50 in attorney's fees, and $425.00 in costs.

**SO ORDERED.**

s/ BMC

U.S.D.J.

Dated: Brooklyn, New York
November 5, 2012

7